17-2059-cv
*Tomaselli, et al. v. Zimmer, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand and eighteen.

Present:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY
> *Circuit Judges.*

_____

Mary Tomaselli, Eugene Tomaselli,

> *Plaintiffs-Appellants,*

v.                                                                                              17-2059-cv

The New York and Presbyterian Hospital, Columbia University College of Physicians and Surgeons, The Trustees of Columbia University in the City of New York, John Doe #1, John Doe #9, The University Hospital of Columbia and Cornell, Columbia University Medical Center,

> *Defendants,*

Zimmer, Inc., Zimmer Holdings, Inc., Pioneer Surgical Technology, Inc.

> *Defendants-Appellees.*

_____

*For Plaintiffs-Appellants*:     JAMES K. RILEY, O'Connell & Riley, Pearl River, NY

*For Defendants-Appellees*:     VICTORIA A. GRAFFEO (Judi Abbott Curry, Marina Plotkin, *on the brief*), Harris Beach PLLC, New York, NY

Appeal from a final judgment and decision entered March 16, 2017, in the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's decision and judgment are **AFFIRMED**.

In 2011, Mary Tomaselli underwent hip surgery that included implantation of a Greater Trochanter Reattachment ("GTR") device, which had two cables designed to hold the bone together while it heals. Over a year later, Tomaselli discovered that one of the cables in the device had broken. She and her husband sued, among others, the GTR device's manufacturer, Pioneer Surgical Technology, Inc., and its distributor, Zimmer, Inc. and Zimmer Holdings, Inc. (collectively "Zimmer"), asserting, *inter alia*, product liability and failure-to-warn claims. The district court granted summary judgment to the defendants, and plaintiffs appealed the failure-to-warn determination. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings, which we reference only to explain our decision.

We review *de novo* the district court's grant of summary judgment, which is appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016) (internal quotation marks omitted).

Under New York law, a failure-to-warn claim requires a showing of both proximate cause and the warning's inadequacy. *See Bravman v. Baxter Healthcare Corp.*, 984 F.2d 71, 74-75 (2d Cir. 1993); *Figueroa v. Bos. Sci. Corp.*, 254 F. Supp. 2d 361, 369-70 (S.D.N.Y. 2003); *Glucksman v. Halsey Drug Co.*, 553 N.Y.S.2d 724, 726, 160 A.D.2d 305, 307 (1st Dep't 1990). New York uses an informed intermediary doctrine, whereby warnings must be given to "the physician, whose duty it is to balance the risks against the benefits of various drugs and treatments and to prescribe them and supervise their effects." *Martin v. Hacker*, 83 N.Y.2d 1, 9, 628 N.E.2d 1308 (1993). "[T]he manufacturer's duty to caution against a drug's side effects is fulfilled by giving adequate warning through the prescribing physician, not directly to the patient." *Id.* This standard also applies to devices, such as the GTR device, that are available only by prescription. *See Fane v. Zimmer, Inc.*, 927 F.2d 124, 129 (2d Cir. 1991). Insofar as adequate warnings are concerned, under New York law, "[i]f the doctor is sufficiently warned, the product is not defective." *Id.*

The district court concluded that Tomaselli failed to meet her burden in demonstrating proximate cause. We agree for two reasons. First, there is no competent evidence that the broken cable – the risk of which Tomaselli was not warned – caused her injury. The plaintiffs did not engage an expert witness, and the two testifying doctors concluded that Tomaselli's pain was caused either from the

3

device's plate, which had not malfunctioned, or her underlying bone fracture, which the device was inserted to fix. Medical records corroborate these conclusions.

A plaintiff cannot prove proximate cause "[a]bsent competent medical expert testimony on the issue of causation" when "the question [is] beyond the purview of the ordinary person." *Fane*, 927 F.2d at 132; *see also Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999) (collecting cases in the tort law context); *In re Mirena IUD Prods. Liab. Litig.*, 202 F. Supp. 3d 304, 311-12 (S.D.N.Y. 2016) ("[C]ases involving pharmaceuticals, toxins or medical devices involve complex questions of medical causation beyond the understanding of a lay person" and thus "summary judgment is appropriate where required expert testimony is absent from the record."), *aff'd*, 713 F. App'x 11, 2017 WL 4785947 (2d Cir. Oct. 24, 2017) (summary order). Here, the only evidence in the record to support the notion that Tomaselli's pain was caused by the GTR's broken cable was her own, uninformed speculation, which, standing alone, cannot constitute sufficient evidence on which to base a finding of proximate cause.

Second, the evidence demonstrates that while Tomaselli's doctor never saw the specific prepackaged warning indicating that the cables could break, he nevertheless knew that cables in implant devices could break after implantation. For example, he testified that "every orthopedic surgeon knows" about cable fatigue strength and that "any cable could break with enough stress." J.A. 346-47. Because Zimmer provided warnings describing that the GTR device's cables could break, and because Tomaselli's physician was aware that cables used in implant devices can break, the

4

plaintiffs' strict liability claims against the defendants fail under the informed intermediary doctrine. *See Fane*, 927 F.2d at 130 ("Because the warnings provided specific information on the risks associated with use of the . . . device and Dr. Elting was fully aware of these risks, we hold as a matter of law that the warnings were adequate."). For the same reasons, the plaintiffs' negligence claims fail as well. *See id.* ("Regardless of the descriptive terminology used to denominate the cause of action . . . where the theory of liability is failure to warn, negligence and strict liability are equivalent." (alteration in original)).

We have considered the plaintiffs' remaining arguments and find them to be without merit. We reiterate that we resolve this appeal by summary order on alternative grounds one or both of which would justify our conclusion. Accordingly, the district court's judgment and decision and order are **AFFIRMED.**

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk